### ROYCE v. DELAWARE, L. & W. R. CO.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

#### No. 112.

**1.** APPEAL AND ERROR (§ 268*)—REVIEW—WEIGHT OF EVIDENCE—EXCEPTION.

Where, in an action for injuries to a railroad brakeman, plaintiff took no exception to an instruction submitting the case to the jury on the question of the train dispatcher's negligence, and did not request any further instruction or charge that there was no conflict of testimony on that branch of the case, or that the negligence had been proven as a matter of law, there was no exception on which plaintiff was entitled to have reviewed on writ of error a contention that the verdict in favor of defendant was against the weight of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1596–1608; Dec. Dig. § 268.*]

**2.** COURTS (§ 356*)—FEDERAL COURTS—REVIEW—DENIAL OF NEW TRIAL—EXCEPTION.

An exception to the denial of a motion for new trial or to set aside a verdict presents nothing for review by a federal court of appeal on a writ of error.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

In Error to the District Court of the United States for the Southern District of New York; James L. Martin, Judge.

Action by Joseph M. Royce against the Delaware, Lackawanna & Western Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 110 C. C. A. 125, 188 Fed. 55.

This cause comes here upon appeal from a judgment of the District Court, Southern District of New York, entered upon the verdict of a jury in favor of defendant in error, who was defendant below. It has been twice before in this court on writs of error to review prior judgments, and our opinions (176 Fed. 331, 99 C. C. A. 256; 180 Fed. 879) may be consulted for a detailed statement of the facts. Briefly summarized, they are as follows: Plaintiff the front brakeman on a freight train, while sitting in the cab of the engine, was scalded by steam escaping from the boiler. This was caused by the driving rod on the left side, which flew up, striking the bottom of the cab, jamming the doors and windows, and breaking a stud from the boiler. This accident occurred near the entrance to the Port Morris yard, and was itself induced by a prior accident, which occurred about two hours before on a siding at Waterloo Station. The top guide on the left side had been lost in some way, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had carried away with it a part of the steel block or yoke which held the guide. The loss of the top guide thus left no support, except the lower guide, to the crosshead to which the driving rod and piston rod on that side were attached. It would have been an easy matter, with the ordinary kit of tools carried on the engine, to disconnect the driving rod on that side, thus putting it out of commission. This would not have interfered with the operation of the driving mechanism on the right side. The train remained an hour and a half at Waterloo Station after the loss of the guide was discovered. The conductor telephoned to the train dispatcher at Hoboken, and told him they had lost the top guide and that they wanted a pusher sent to Waterloo Station. To this there came a reply, stating merely that a pusher engine would be sent. The pusher arrived in due course, and after it was attached they proceeded towards Port Morris, using the train engine, without disconnecting the left driving rod.

Hatch & Clute, of New York City (E. S. Hatch, of New York City, E. M. Gregory, of Newark, N. J., and V. P. Donihee, of New York City, of counsel), for plaintiff in error.

F. W. Thomson, of New York City, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The question of negligence on the part of defendant was submitted to the jury. The charge was clear, careful, and accurate. It called attention to the circumstance that the master had been informed of the accident to the engine, just what it was—that the top guide was lost—and that whether or not the defendant was negligent depended upon the question whether a person of reasonable prudence would have done more than the master did, viz., inform the conductor that they would send the pusher, which was in fact sent. The court told the jury that the question was: Did the train dispatcher, who for the purpose of the case was the superintendent, perform his full duty in merely sending the pusher? that it was for them to say whether he should have done something more. He further told them that, if the superintendent or dispatcher turned the matter over to the conductor to do as he thought best, he delegated his own authority on the matter to the conductor, and if the latter did not exercise due care the plaintiff could recover.

[1, 2] There was no exception to this charge by the plaintiff; indeed, it is difficult to see how there could be. It charged the law of the case correctly and favorably for him. There was no request for any further instruction, no request for a charge that there was no conflict of testimony on this branch of the case, or that negligence had been proved as a matter of law. There was no objection made to sending the cause to the jury on the question whether or not the defendant exercised due care. The contention now made really is that the verdict was against the weight of evidence; but there is no exception which brings any such question here. Plaintiff moved to set aside the verdict and for a new trial and took an exception to the denial of that motion, but no such exception comes to a federal court of appeal on a writ of error.

There are exceptions to admission or exclusion of testimony—all bearing on the question whether under the rules of the road plaintiff, at the time he was injured, should have been in the engine cab, or on

top of the cars. These need not be considered, because the court, by the charge, eliminated all question as to whether plaintiff was or was not where he ought to have been. He charged that, even though plaintiff was not at his place of duty, nevertheless, if he had done nothing that contributed to the happening of the accident, he would be entitled to recover. And he charged, further, that his presence in the cab did not contribute at all to the happening of the accident to the engine, which caused his injuries.

The judgment is affirmed.