### BANK OF ITALY v. F. ROMEO & CO., Inc.

(Circuit Court of Appeals, Ninth Circuit. March 5, 1923.)

No. 3804.

**1. Appeal and error ⊂⇒209(1)—Contention verdict not sustained by evidence held not open to review.**

Where plaintiff at the close of the case did not move the court for a verdict in its favor, or request the court to instruct the jury to render a verdict in its favor, or in any manner request the court to take the case from the jury on the ground that there was not sufficient evidence to justify the submission of the case to the jury, a contention that the verdict of the jury is not sustained by the evidence is not open to review.

**2. Appeal and error ⊂⇒731(5)—Assignment of errors must specifically state wherein evidence insufficient.**

The assignment of errors must specifically state wherein the evidence is insufficient to justify the submission of the case to the jury.

**3. Trial ⊂⇒277—Transaction between court and counsel held not an exception to instruction.**

Conversation between court and counsel *held* not an exception to instructions in the presence of the jury, or any definite exceptions whatever calling the attention of court particularly to any supposed error of law contained in the instructions.

**4. Evidence ⊂⇒155(8)—Plaintiff's witness testifying to contract, defendant entitled to introduce contract.**

Plaintiff's witness having testified that there was only one written contract, defendant was entitled to have the original written contract submitted to the jury as the best evidence of its terms, as against the objection that the contract had not been called to the attention of the plaintiff and it was in no way bound by it.

**5. Appeal and error ⊂⇒231(3), 499(3)—Grounds of objection to admission of evidence must be called to attention of court.**

Rulings of trial court with respect to admission of evidence cannot be reviewed, where the grounds of the objections do not appear to have been called to the attention of that court and are not specified in the record.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Second Division of the Northern District of California; Frank S. Dietrich, Judge.

Action by the Bank of Italy against F. Romeo & Co., Inc. Judgment for defendant, and plaintiff brings error. Affirmed.

Louis Ferrari, of San Francisco, Cal., for plaintiff in error.

O. K. Cushing, Charles S. Cushing, William H. Gorrill, and Delger Trowbridge, all of San Francisco, Cal., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge. The Bank of Italy, a corporation of the state of Caifornia, was plaintiff in the court below in an action against the defendant, F. Romeo & Co., Incorporated, a corporation of the state of New York. The parties will hereinafter be designated plaintiff and defendant as in that court.

The action was to recover the sum of $5,743.63 and interest on a draft drawn May 2, 1919, by F. A. Mennillo of Los Angeles on F. Romeo & Co. of New York City.

The draft was guaranteed by the indorsement in writing of F. A. Mennillo, and by the latter transferred to the plaintiff, the Bank of Italy. There was no written acceptance of the draft by F. Romeo & Co. The case was tried before the court and a jury, and resulted in a verdict and judgment in favor of the defendant. Plaintiff brings error.

The Uniform Negotiable Instrument Law of California (Stats. of California 1917, pp. 1531, 1552) provides, in section 3213, that—

"The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money."

It also provides, in section 3216, that—

"An unconditional promise in writing to accept a bill before it is drawn is deemed an actual acceptance in favor of every person who, upon the faith thereof, receives the bill for value."

To escape the effect of this statute and the general statute of frauds, requiring that such an acceptance should be in writing, the plaintiff alleged, in its complaint, that, in consideration of the discount of the draft by the plaintiff, the defendant promised and agreed to pay the draft at maturity. The defendant, in its answer, denied that it had made any such promise or agreement, and, as a further defense, alleged that the transaction to which the draft related was the shipment, prior thereto, by F. A. Mennillo of a quantity of olives to the city of New York, which the defendant agreed to purchase if, upon examination by the defendant at defendant's warehouse in the city of New York, said olives should prove to be of good quality and condition, as provided in a certain contract of purchase theretofore entered into between the said defendant and F. A. Mennillo, and warranted by said F. A. Mennillo; that if, upon such an examination, the olives were found of

good quality and condition, defendant would accept a draft for such purchase in the sum of $5,743.63, payable at 60 days' sight.

It is further alleged by the defendant that said olives, upon arrival in New York, were examined by defendant, F. Romeo & Co., and found to be and were not of good quality and condition, as required by said contract of purchase, but were spoiled and unfit for human consumption, and defendant, F. Romeo & Co., therefore and thereupon refused to accept said olives and immediately notified said F. A. Mennillo and plaintiff that said olives were not of good quality and condition, as required by said contract of purchase, but were spoiled and unfit for human consumption, and said defendant F. Romeo & Co., therefore and thereupon refused to accept said draft.

The issue thus presented by the pleadings was a question of fact whether there was an unconditional promise on the part of the defendant to pay the draft in New York upon its maturity, or whether the promise to accept the draft was conditioned upon the examination of the olives by the defendant upon their arrival in New York, and upon such examination the olives proved to be of good quality and in a satisfactory condition.

The court submitted this question to the jury for its determination, and the jury, by its verdict, found for the defendant. It is contended by the plaintiff that the verdict of the jury was not sustained by the evidence.

[1] That question, if it be a question, is not open to review on this record. Plaintiff, at the close of the case, did not move the court for a verdict in its favor, or request the court to instruct the jury to render a verdict in its favor, or in any manner request the court to take the case from the jury on the ground that there was not sufficient evidence to justify the submission of the case to the jury.

Where a party claims to be entitled to a verdict as a matter of law, he must make that contention in the trial court in order to preserve his right to make that claim in the appellate court.

The cases in the federal courts in support of this rule are numerous.

In Pennsylvania Casualty Co. v. Whiteway, 210 Fed. 782, 784, 127 C. C. A. 332, 334, this court said:

"When an action at law is tried before a jury, their verdict is not subject to review unless there is absence of substantial evidence to sustain it, and even then it is not reviewable unless a request has been made for a peremptory instruction, and an exception taken to the ruling of the court. * * * [Citing numerous cases.] There was no such request or motion made in the case in hand, and the judgment of the court below is therefore conclusive of the facts determined thereby."

See, also, Brolaski v. United States (C. C. A.) 279 Fed. 1, 2; and Pabst Brewing Co. v. E. Clemens Horst Co. (C. C. A.) 264 Fed. 909, 911; also, the following cases in other circuits: City of Lincoln v. Sun Vapor Street-Light Co. of Canton, 59 Fed. 756, 761, 8 C. C. A. 253; U. S. Fidelity & Guaranty Co. v. Board of Commissioners, 145 Fed. 144, 151, 76 C. C. A. 114; Sun Publishing Co. v. Lake Erie Asphalt Block Co., 157 Fed. 80, 82, 84 C. C. A. 584; Mexico International Land Co. v. Larkin, 195 Fed. 495, 496, 115 C. C. A. 405; Royce v. Delaware,

Lackawanna & Western Railroad Co., 203 Fed. 467, 468, 121 C. C. A. 591; Wear v. Imperial Window Glass Co., 224 Fed. 60, 63, 139 C. C. A. 622.

No exception was taken to the verdict, and the bill of exceptions does not contain any specifications of insufficiency of the evidence to justify the verdict.

[2] It has been held by this court that the assignment of errors must specifically state wherein the evidence is insufficient to justify the submission of the case to the jury.

In Doe v. Waterloo Mining Co., 70 Fed. 455, 461, 17 C. C. A. 190, 196, this court held that—

"Rule 11 of this court requires that the assignments of error shall be separately and particularly set out. The object of setting forth assignments of error is to apprise the opposite counsel and the court of the particular legal points relied upon for a reversal of the judgment of the trial court. The attempt to make the assignments of error more particular in a brief is not proper. It is in fact an attempt to amend the record in this particular without permission of court."

[3] It is next contended that certain instructions of the court were erroneous and highly prejudicial to the plaintiff. The bill of exceptions, as settled by the court, contains no exceptions to the instructions, except the mention of a general exception which was so vague and uncertain that the court did not understand it, and neither do we.

This is what occurred with respect to this exception:

The court, having concluded its instructions to the jury.

"Mr. Ferrari: May I have an exception to the charge, your honor?

"The Court: You may have the exception, but a general exception will be of no avail to you.

"Mr. Ferrari: Well, the only part I object to is the portion with reference to the effect of accepting the oral promise. And also—

"The Court: The effect of accepting the oral promise? I don't believe I understand what you mean.

"Mr. Ferrari: That portion of the charge that the court instructed the jury that they should take into consideration the effect of accepting the oral promise— "

Counsel for the defendant called the attention of the court to the fact that the jury had gone out.

"The Court: Of course, they are gone from the box, but are in the corridor, and I will have them return if you so desire and permit either side to take exceptions. The jurors are still deemed to be present, and I will recall them if I desire to modify the instructions given.

"Mr. Trowbridge: We have no exceptions, your honor.

"The Court: That is all then."

There was no request for the return of the jury, and the jury did not return. Clearly, there is no exception in the presence of the jury, or, indeed, any definite exception whatever, calling the attention of the court particularly to any supposed error of law contained in the instructions.

There is therefore nothing in these proceedings calling for a review by this court.

The remaining errors assigned relate to the admission and rejection of evidence during the trial.

It is alleged as error that the court sustained an objection to a question propounded to the witness Lacy. We do not find any such ruling in the record.

It is assigned as error that the court admitted evidence relating to the contract of sale of the olives by F. A. Mennillo to the defendant, F. Romeo & Co. The contract was referred to by F. A. Mennillo, a witness in behalf of the plaintiff, in his deposition taken in New York and read upon the trial. He testified:

"I was engaged in business during 1918 and 1919 as an olive packer in Los Angeles, Cal. I remember a certain contract executed by F. Romeo & Co. and myself, and the original or copy of said contract is now in the files of my company in California, which contract provided for the method of shipment and acceptance of the merchandise. The olives were shipped according to contract. * * * It was executed in New York."

On cross-examination this witness said:

"The only contract for the sale of these olives made by me with Romeo & Co. is a written contract. That contract was for shipment of olives for which recovery is sought in this suit."

[4] Francisco Romeo, a member of the firm of F. Romeo & Co., was called as a witness on behalf of the defendant. He identified one of the originals of the contract, and it was offered in evidence by the defendant, to which the plaintiff objected on the ground that it did not appear that the contract had been called to the attention of the Bank of Italy, or that the Bank of Italy was in any way bound by it. The witness Mennillo, on behalf of the plaintiff, having testified that the only contract between the parties was a written contract, and that it was the contract for the shipment of olives for which recovery was sought in this suit, the defendant was clearly entitled to have the original written contract submitted to the jury as the best evidence of its terms.

[5] Errors are assigned to the admission of evidence over the objections of the plaintiff, but as the grounds of these objections do not appear to have been called to the attention of the court, and are not specified in the record, we cannot review the rulings of the court with respect thereto.

"Where a party excepts to the admission of testimony, he is bound to state his objection specifically, and in a proceeding for error he is confined to the objection so taken. If he assign no ground of exception, a mere objection cannot avail him." Burton v. Driggs, 20 Wall. 125, 133 (22 L. Ed. 299); Noonan v. Caledonia Mining Co., 121 U. S. 393, 400, 7 Sup. Ct. 911, 30 L. Ed. 1061; Toplits v. Hedden, 146 U. S. 252, 255, 13 Sup. Ct. 70, 36 L. Ed. 961.

Finding no error in the record, the judgment of the District Court is affirmed.