542

SHREVE et al. v. UNITED STATES.
No. 7460.

Circuit Court of Appeals, Ninth Circuit.
Nov. 9, 1934.

Charles C. Crouch, of San Diego, Cal., and Leslie C. Hardy, of Tucson, Ariz., for petitioners.

Clifton Mathews, U. S. Atty., of Phœnix, Ariz.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Appellants ask leave to file amended and supplemental assignments of errors. The appellee stipulates that this may be done. The amended assignments of error contain 227 separate assignments of error and occupy 170 pages of typewriting, the usual legal size. The original assignments of errors are 63 in number and cover 47 pages. The original assignments related largely to the instructions of the trial court and proceedings preliminary to the trial. The additional assignments proposed relate largely to rulings of the court on the introduction of evidence, although the first thirty-six assignments relate largely to proceedings concerning the examination of the veniremen. It appears that the district attorney stipulated that at the time of filing the original assignments additional assignments could be subsequently prepared by the appellants. The stipulation is not controlling upon the courts, and the assignments filed violate the repeated admonitions of this court and the Supreme Court. It has been frequently pointed out by the courts that such an assignment of errors is inconsistent with the proper function of such assignments. Local 167 v. U. S., 291 U. S. 293, 296, 54 S. Ct. 396, 78 L. Ed. 804, and cases cited therein; Ocean Accident & Guaranty Corp. v. Rubin (C. C. A.) 73 F.(2d) 157, filed in this court October 8, 1934. While the appellants are at liberty to make whatever assignments they deem wise in the first instance, subject to the right of court to disregard them or to dismiss the appeal when they are an obvious evasion of the rule, the court could not, without violating its own rule as to the proper procedure on appeal, grant leave to file an assignment of errors such as that proposed.

In this connection it should be stated that it is the policy of this court to refuse all applications for leave to file amended assignments of error unless by reason of facts beyond the control of appellant he is unable to file proper assignments of error. Failure to procure a transcript of the reporter's notes until after the trial of a case and after the time for the filing of assign-

ments of error will not be considered a sufficient reason for granting an application for leave to file amended assignments of error, and ought not to be so considered in the trial court. The parties should make the necessary notes during the trial to enable them to prepare sufficient assignments of error. If the making of proper assignments requires a transcript of a portion of the record, such transcript should be procured during the trial or immediately thereafter.

In view of the fact that the appellants have been lulled into false security by the stipulation of the district attorney with relation to the assignments of error, we feel that the appellants should be permitted to present some of the assignments with relation to the admission or rejection of evidence. We think that this may be done effectively by the selection of some of the typical questions involved. For that reason, the appellants will be permitted to file ten additional assignments of error to be selected from those proposed in the application for leave to file additional assignments of error.