**AMERICAN SURETY CO. OF NEW YORK v. FISCHER WAREHOUSE CO. et al.. No. 8102.**

Circuit Court of Appeals, Ninth Circuit. Feb. 15, 1937.

Rehearing Denied March 19, 1937.

Plowden Stott and Edward J. Clark, both of Portland, Or., for appellant.

Wilbur, Beckett, Howell & Oppenheimer, R. W. Wilbur, H. B. Beckett, F. C. Howell, and E. K. Oppenheimer, all of Portland, Or., for appellee Eyre & Co.

Geo. A. Rhoten, of Salem, Or., for appellees Frazier.

Custer E. Ross, of Salem, Or., for appellees Lumber Co. and Jack.

Keyes & Page, of Salem, Or., for appellees Bank, Kelly, and Tate.

I. H. Van Winkle, Atty. Gen., and Willis S. Moore, Asst. Atty. Gen., for appellees Snell and White.

Before DENMAN, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

In a suit brought by appellant to cancel an instrument, denominated a bond, upon which appellant was surety, the court below refused cancellation, and from the decree entered this appeal is taken.

The suit was brought against certain officers of the state of Oregon, and appellees who were asserting claims against appellants. The bill alleged that the instrument was void, because it was obtained by fraud and false representations; (2) it was never delivered, approved, or accepted as provided by the Oregon statutes; (3) it had not been required by any department or official of Oregon; (4) it was not approved by the Public Service Commission of Oregon, and the approval of the Director of Agriculture had been made after expiration of the instrument. The appellees who were claimants asserted the validity of the bond, and set up by cross-complaint their respective claims. Appellee Edward L. Eyre & Co., hereinafter referred to as Eyre Company, pleaded that appellant was estopped to claim invalidity of the bond. All claimants asserted the right to recover attorney's fees. Appellant by reply put in issue these matters, and also asserted that the claims of appellee Eyre Company and appellee bank were not sustainable as warehouse transactions against the instrument sought to be canceled.

The cause was referred to a special master who submitted his report to the court below, finding (1) that no estoppel existed in favor of Eyre & Co.; (2) that the instrument mentioned as a bond was void and should be canceled "as having been obtained by fraud and false representations and being without consideration." He recommended that appellant be ordered to pay his costs, amounting to $373.50, and his compensation to be fixed by the court. By finding that the alleged bond was void, the special master eliminated any necessity for allowing attorney's fees.

Appellant excepted to the recommendation made by the master in regard to the master's compensation and costs. All appellees excepted to the report. There was a supplemental report also regarding the claim of Eyre & Co., but it is unnecessary here to discuss it.

The trial court held that the alleged bond was not a statutory bond, but was valid as a common-law bond; that attorney's fees should be granted to appellee claimants; that the master's compensation and costs were to be paid by appellant; that the claims of appellee Eyre Company and appellee bank should be allowed.

The findings of the court followed this holding, and, in addition, concluded, as a matter of law, that appellant was estopped, as to appellee Eyre Company, to claim invalidity of the bond. Before these findings were adopted by the court, appellant excepted thereto and proposed findings. By the decree, appellant's exceptions were wholly denied.

The first of the six assignments of error is in part:

"The court erred in finding, concluding and decreeing the $11,000.00 writing dated February 1, 1932, denominated a bond, in-

volved in this suit was or is a valid and subsisting obligation of complainant upon which respondent claimants could recover and erred in refusing to cancel and hold the same for naught as prayed for by complainant, and erred in not confirming and adopting the findings of fact, conclusions of law and recommendations for a decree of * * * [the special master] in his report * * * which * * * were * * * as follows * * *."

There follows portions of the master's report, exceptions of appellees thereto, findings, and appellant's exceptions thereto. In all, this assignment covers 41 pages of the printed transcript.

In appellant's original brief the only mention of specification of errors is the following: "These six assignments of error are hereby specified by appellant as relied upon by appellant upon this appeal."

Upon the argument, this court expressed its doubt as to the sufficiency of the assignments of error and after announcing that there was no specification of errors, permitted new briefs to be filed to contain a specification of errors. Appellant has filed a new brief containing what is termed a specification of errors. There are 84 errors specified. It required 120 pages of the printed brief to set forth all the errors specified. It is explained that the first assignment of errors covers the first 34 specifications of errors, which are contained in 52 pages of the printed brief.

■ An assignment of errors is required to be filed by appellant (for appeals in law actions, see 28 U.S.C.A. § 862) "which shall set out separately and particularly each error asserted and intended to be urged." Rule 11 of this court, which is substantially the same as Supreme Court Rule 9 (28 U.S.C.A. following section 354). The penalty is as stated by the rule: "No appeal shall be allowed until such assignment of errors shall have been filed." Except in the case of plain errors, of which in this case there are none, an error not assigned will be disregarded. Behn, Meyer & Co. v. Campbell & Go Tauco, 205 U.S. 403, 409, 27 S.Ct. 502, 51 L.Ed. 857; Paraiso v. U. S., 207 U.S. 368, 28 S.Ct. 127, 52 L.Ed. 249; Wood v. A. Wilbert's Sons S. & L. Co., 226 U.S. 384, 33 S.Ct. 125, 57 L.Ed. 264; Pacific States Co. v. White, 296 U.S. 176, 56 S. Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853; Lloyd v. Chapman (C.C.A. 9) 93 F. 599, 35 C.C.A. 474; Holsman v. U. S. (C.C.A. 9), 248

F. 193, 160 C.C.A. 271, certiorari denied 249 U.S. 600, 39 S.Ct. 258, 63·L.Ed. 796; Wight v. Washoe County Bank (C.C.A. 9) 251 F. 819; Louie Share Gan v. White (C.C.A. 9) 258 F. 798; Maryland Casualty Co. v. Klickalumber Co. (C.C.A. 9) 41 F.(2d) 222.

■ Likewise, if the assignments are so indefinite that the particular error is not set forth, the assignments will be disregarded. People of State of New York v. Kleinert, 268 U.S. 646, 45 S.Ct. 618, 69 L. Ed. 1135; Seaboard Air Line Ry. Co. v. Watson, 287 U.S. 86, 53 S.Ct. 32, 77 L.Ed. 180, 86 A.L.R. 174; Dennis v. Roberts (C.C.A. 9) 19 F.(2d) 1; McCarthy v. Ruddock (C.C.A. 9) 43 F.(2d) 976. See, also, Wade v. Blieden (C.C.A. 8) 86 F.(2d) 75, decided November 5, 1936.

The purpose of the rules is "to enable the court, as well as opposing counsel, readily to perceive what points are relied on." Seaboard Air Line Ry. Co. v. Watson, supra, 287 U.S. 86, 91, 53 S.Ct. 32, 34, 77 L. Ed. 180, 86 A.L.R. 174. See, also, Doe v. Waterloo Min. Co. (C.C.A. 9) 70 F. 455, 461, 17 C.C.A. 190; Lloyd v. Chapman, supra, 93 F. 599, 600; Bank of Italy v. F. Romeo & Co., Inc. (C.C.A. 9) 287 F. 5, 8.

■ In considering the sufficiency of the assignments, resort cannot be had to the briefs to enlarge them, or to make them more particular. Doe v. Waterloo Min. Co., supra, 70 F. 455, 461; Lloyd v. Chapman, supra, 93 F. 599, 600; Bank of Italy v. F. Romeo & Co., Inc., supra, 287 F. 5, 8. Examples of indefinite assignments may be found in the above-cited cases.

■ As shown by the statement, it is apparent that one issue of the case was whether or not the alleged bond was valid. The court held that it was valid. The first assignment amounts to saying that the court was wrong in so holding. What was the erroneous basis used, or the erroneous step made by the court which shows his conclusion was wrong? The court might have erred·in reaching his conclusion by considering testimony erroneously admitted; by erroneously excluding evidence; by finding a fact not supported by substantial evidence; by the erroneous application of law; or by some other erroneous action. But we consider alleged errors, and if none are assigned, there are none to consider. The particularity of the description of the alleged error required by our rules is not complied with. By assign-

ment No. 1, supra, appellant has not "set out *separately* and *particularly* each error asserted and intended to be urged." (Italics ours.) It does not point out in what respect or for what reason the decree is claimed to be erroneous.

■ The second assignment of error is in part as follows:

"The Court erred in finding, concluding and decreeing the $11,000.00 writing * * * was or is a valid and subsisting obligation of complainant and that complainant was estopped to claim or assert its right to cancellation of said writing as to respondent Edward L. Eyre & Company, a corporation, and erred in not confirming and adopting the Findings of Fact, Conclusions of Law and Recommendations for a decree of * * * [the special master] * * * in his report * * * which [were] * * * as follows."

Eighteen pages of the printed record are devoted to setting forth portions of the report, supplemental report, exceptions thereto by appellee Eyre Company, findings and exceptions thereto by appellant.

This assignment is subject to the same objections as pointed out with respect to the first assignment. There was an issue as to estoppel which can be seen from the pleadings, but the alleged error committed by the court in determining the issue is not set forth.

The third assignment is stated:

"The court erred in finding, concluding and decreeing the pretended claim of respondent [appellee Eyre Company] constituted a valid claim against the $11,000.00 writing denominated a bond, and in not canceling and holding for naught said $11,-000.00 writing, among other reasons upon the grounds presented by the following record. * * *"

There follows 24 pages consisting of portions of the master's report, supplemental report, exceptions thereto filed by appellant and appellee Eyre Company, findings and exceptions thereto.

The fourth assignment is identical with the third except that the claim is that of appellee bank. The record set forth in regard to this assignment required 13 pages of the printed transcript.

The fifth assignment appears as follows:

"The court erred in finding, concluding and decreeing any of the respondent claimants were in any event entitled to recover any sum as an attorney's fee against complainant, among other reasons upon the grounds presented by the court records. * * *"

Portions of the record, comprising 20 pages of the printed transcript, are then set forth.

The last assignment of error states:

"The Court erred in taxing against complainant the costs and disbursements of respondents and the compensation of the Master and in not taxing the same against respondent claimants upon the following record. * * *"

Six pages of the printed transcript were required to set forth the portions of the record.

■ Each of the matters mentioned in these assignments was an issue before the trial court. The latter determined them adversely to appellant. By the assignments, appellant merely says that the court was wrong without stating in what particular the court erred. A general assignment that the court erred in rendering judgment or decree for or against a particular party, or erred in determining one or all the issues of the case for or against a particular party is too indefinite to apprise the court of what is claimed to be an alleged error. The particular act or action of the court in resolving the issues, which is alleged to be erroneous, must be stated.

It is not sufficient that appellant assert generally that the trial court made wrong findings and reached wrong conclusions and then and thereby *invite this court to retry the cause* without indicating to us in such assignments in what respect or for what reason the findings or conclusions are claimed to be in error.

Since the question was first raised by this court, the following quotation from Seaboard Air Line Ry. Co. v. Watson, supra, 287 U.S. 86, 91, 53 S.Ct. 32, 34, 77 L.Ed. 180, 86 A.L.R. 174, is appropriate:

"And, as the rule makes for convenience and certainty in the consideration of cases, the court may, and generally it will, disregard a specification [meaning assignment] that is so uncertain or otherwise deficient as not substantially to comply with the rule, even if the opposing party raises no question and treats it as adequate."

For the reasons herein stated, we hold appellant's assignments insufficient to raise any question for review.

Because we hereinafter consider other questions, proper procedure seems to indicate that the appeal be affirmed. E. R. Squibb & Sons v. Mallinckrodt Chemical Works, 293 U.S. 190, 55 S.Ct. 135, 79 L. Ed. 279.

Appellee Eyre Company has filed a motion for an order allowing as costs to it, the expense of printing the brief in the sum of $303.10. Appellant asked for and received permission to print an additional brief, when this court advised it that its first brief filed did not comply with the rule requiring specification of errors. The necessity for the additional brief of appellee was occasioned by the fault of appellant, and therefore the motion is granted.

The same appellee has filed a motion asking that this court allow an attorney's fee on appeal pursuant to 5 Ore.Code Supp. 1935, § 46-134. This statute provides for allowance of an attorney's fee in addition to the recovery by the plaintiff where suit is brought "upon any policy of insurance of any kind or nature whatsoever," and where "settlement is not made within six (6) months from the date proof of loss is filed." The statute then provides:

"If attorney fees are allowed as herein provided and on appeal to the Supreme Court by the defendant the judgment is affirmed the Supreme Court shall allow to the respondent such additional sum as the court shall adjudge reasonable as attorney fees of the respondent on such appeal."

This court has construed that statute to authorize the granting of an attorney's fee by us. Horwitz v. New York Life Ins. Co. (C.C.A.) 80 F.(2d) 295.

Under the statute, the trial court has power to allow an attorney's fee upon certain conditions, among them being, (1) that the suit is on a policy of insurance, and (2) that settlement is not made within six months from the date proof of loss is filed. In the instant case, the court below evidently held that the bond was a policy of insurance on the authority of Ore.Code 1930, § 46-117; State v. Claypool, 145 Or. 615, 28 P.(2d). 882, Christensen, Inc., v. Hansen Const. Co., 142 Or. 549, 21 P.(2d) 195, and School District v. New Amsterdam Cas. Co., 132 Or. 673, 288 P. 196.

With respect to the appellate court, however, only two conditions are specified in the statute which must be fulfilled before attorney's fees may be allowed; (1) allowance of attorney's fees by the trial court, and (2) affirmance of the judgment by the appellate court. The court below allowed attorney's fees, and we are affirming the decree. We therefore allow as an attorney's fee to appellee Eyre Company the sum of $500.

Affirmed.

### On Petition for Rehearing.

The petition for rehearing states that "the decision of the court in this case amounts to a retroactive application of the newly promulgated Rule 11 of this court * * *." To negative any inference that such is the actual fact, we state that the opinion herein was prepared before the new rule was proposed or adopted. The new rule was promulgated to aid those attorneys who failed, for some reason, to examine the cases construing the old rule, and it is no more than a codification of the law construing the previous rule.

Appellant "requests and petitions an opportunity to file amended assignment of errors." The rule regarding amendment of assignments is stated in Shreve v. U. S. (C.C.A.9) 73 F.(2d) 542: "In this connection it should be stated that it is the policy of this court to refuse all applications for leave to file amended assignments of error unless by reason of facts beyond the control of appellant he is unable to file proper assignments of error." No such facts are pointed out to support the request. It is stated that, "Appellant attempted in good faith to comply with Rule 11 of this court," and we do not challenge appellant's good faith. We do challenge the sufficiency of the assignments to present any question for review.

A statement in the opinion appears to have been misleading. It reads: "An assignment of errors is required to be filed by appellant (28 U.S.C.A. § 862) 'which shall set out separately and particularly each error asserted and intended to be urged.' Rule 11 of this court which is substantially the same as Supreme Court Rule 9 [28 U.S.C.A. following section 354]." It is ordered amended by changing "(28 U.S.C.A. § 862)" to read: "(for appeals in law actions, see 28 U.S.C.A. § 862)."

Petition denied.