## OCCIDENTAL INDEMNITY CO. v. SCOTT.*
### No. 8091.

Circuit Court of Appeals, Ninth Circuit.
July 14, 1937.

Wilbur, Beckett, Howell & Oppenheimer and Calvin N. Souther, all of Portland, Or., for appellant.

Angell & Fisher and Homer D. Angell, all of Portland, Or., for appellee.

Before GARRECHT, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

This is a suit upon a policy insuring, among others, the Volunteer Leaders of the Portland Area Council of Boy Scouts of America, against liability for personal injury or death. In addition it covered the person injured in the event that final judgment is procured against one of the Volunteer Leaders and the judgment not satisfied within thirty days after it is rendered.[1]

This suit was instituted by the injured Boy Scout under the latter provision of the policy. Since he was a minor, the suit is brought through his guardian ad litem.

The injured boy was a Boy Scout member of the Portland Area. He with other Boy Scouts had loaded the camping outfit of the group into a truck at Portland, Or., and were proceeding with the camping outfit to a selected camp at Ariel Dam, in the state of Washington, where they intended to pitch camp with the outfit for the night and the day following. The truck was driven by one William Meyer, a Volunteer Leader, insured by the policy. In turning out to pass another car on the highway, about four or five miles before reaching the intended camp site, the truck overturned and young Scott, the plaintiff and appellee, and a number of other boys were injured.

An action was instituted by the plaintiff against William Meyer, the insured Volunteer Leader in charge of the truck, and judgment for approximately $9,000 was secured against him. The present action was

[1] This latter provision of the policy is as follows:
"If any person or his legal representatives shall obtain final judgment against the Assured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the Company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto."

*Rehearing denied 92 F.(2d) 239.

then instituted in the circuit court of the state of Oregon for Multnomah county by the plaintiff for the purpose of collecting on the unpaid judgment secured against Meyer. The suit was removed by the defendant to the District Court of the United States for the District of Oregon.

The appeal involves the question whether or not the policy by its express terms covers injury incurred while these Boy Scouts were using the truck to carry themselves and their camping outfit to the camp which was to be pitched that night. The appellant insurance company claims, first, that the terms of the policy exclude the injuries received by the plaintiff and, second, if there be an ambiguity in the policy as to whether or not it excluded the injuries in question, the ambiguity should be resolved by evidence of the objective, purpose, and intent of the insured in procuring the insurance.

The pertinent provisions of the policy are:

"To pay all sums which the Assured shall become liable to pay as damages imposed by law for bodily injuries (or death, loss of service or expense resulting therefrom) accidentally suffered or alleged to have been suffered * * * by any person or persons not hereinafter excluded, while within or upon the premises described in Special Condition 4."

The description of the premises is:

"Camp Meriwether,

"Tillamook County, Oregon

"Camp Millard,

"Clackamas County, Oregon

"Occupied as Boy Scout Camps."

The persons insured are:

"1. Name of Assured—Portland Area Council, Boy Scouts of America, and Oregon Corporation and/or its Paid Staff and/or Executive Officers and Executive Committee Members and/or Volunteer Leaders."

The pertinent provisions of the exception of the policy are:

"Provided also that the Company shall not be liable in respect of bodily injuries or death: * * *

"(3) caused by any draught or driving animal or *any vehicle while being operated outside of and away from the premises of the Assured described* herein or by any persons while driving, using, loading or unloading the same." (Italics supplied.)

It is apparent from the above that had Meyer, the Volunteer Leader, used the truck on one of the camp sites for a purpose other than a camping activity, say, for loading and carrying the goods of strangers, to be taken from the premises to some other place, he would have been covered against liability for injury occurring before leaving the premises. Or, if Meyer had been hired by some third person, say a commercial traveler in an automobile, to drive the car for him to some other place, and had injured his employer in the use of the car before leaving the camp site, the policy would have covered him. That is to say, the policy covered liability for accident arising from the use of such a vehicle as the automobile on the camp site, whether or not the use was in "camping activities."

Since the policy covered all uses of vehicles whether in camping activities or not, the exception was an exception relative to all uses of vehicles whether or not in camping activities.

Indorsed on the policy and made a part of it is the following clause:

"It is understood and agreed that this policy is extended to cover *all camping activities* of the Assured located in the States of Oregon and Washington, including hiking *and other activities* not actually conducted on the camp sites."

This enlarging indorsement covers a different and a narrower range of activity of the insured in which he is covered for his liability for bodily injuries, namely, "camping activities" as distinguished from every kind of activity insured against on the premises described in the body of the policy. It hence covers camping activities in using automobiles anywhere in the states of Oregon and Washington.

Appellant claims other provisions of the indorsement are inconsistent with this interpretation of the first provision of the indorsement, and hence warrant proof of the intent and purpose of the parties to the insurance contract. These other provisions are:

"2. It is understood and agreed that the exclusions for bodily injuries caused by watercraft and draught animals as described in Condition 3 of the Exclusions of this policy shall not apply to canoes, rowboats and small water-craft of the pleasure type nor to saddle horses.

"3. In consideration of an additional premium of $18.00, this policy is extended

to cover the operations of six Navy Type Whaleboats used in the activities of the Sea Scouts.

"4. In consideration of the premium at which this policy is written, it is understood and agreed that this policy, subject to all its terms, conditions and limitations, is extended to cover the liability of the Named Assured in connection with the ownership and maintenance of approximately seventeen (17) saddle horses at or near Garden Home, Washington County, Oregon.

"Permission is granted for the use of said horses in supervised riding classes consisting of Boy Scouts, Camp Fire Girls, and Girl Reserves, and their leaders, but it is warranted that the said horses will not be rented to the general public.

"Nothing herein contained shall be held to vary, waive, alter or extend any of the terms, conditions, agreements or Special Conditions of the undermentioned Policy other than as above stated."

The second provision of the indorsement, referring to canoes, rowboats, small water-craft, and saddle horses, makes no reference to camping activities and includes all their uses by the assured anywhere outside and away from the camp sites. The provisions of paragraph 3 with reference to the whaleboats "used in the activities of the Sea Scouts" and referring to the sea obviously cover some other trip of the Sea Scouts in which they could be used outside the states of Oregon and Washington on the Pacific. The provision of paragraph 4 is an extension covering the riding of saddle horses, whether or not in a camping activity, in a limited place "at or near Garden Home, Washington County, Oregon," an area not covered by the description of the premises in the original policy.

None of these provisions makes ambiguous the first provision of the rider which covers only "camping activities" in the states of Oregon and Washington. Each provides for a cause of liability or a territory covered by the policy, different from "camping activities" in Oregon and Washington.

We hold that the phrase "all camping activities * * * including hiking and *other* activities" includes the use of the truck by the injured Boy Scout in receiving from him and the other Boy Scouts the camping outfit and carrying him and the outfit to the place where the camp was to be pitched. Since we find no ambiguity in the policy and that by it the appellant insured appellee against the injury appellee received, the lower court committed no error in refusing to admit testimony concerning an intent or purpose of the insurer and insured different from the policy given.

Affirmed.

On Amendment of Opinion.

DENMAN, Circuit Judge.

The claim of attorneys' fees on the successful prosecution of the appeal made in the appellee's brief is unopposed, and since appellee was awarded attorneys' fees in the court below and successfully resisted the appeal of the insurance company, and since the services here are found to be worth $750, it is hereby ordered that appellee have judgment against appellant for the added sum of $750 for said attorneys' fees. American Surety Co. of New York v. Fischer Warehouse Co. (C.C.A.9) 88 F.(2d) 536.