**Ronald STONE, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 19085.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 18, 1966.

Decided April 8, 1966.

See also 121 U.S.App.D.C. 350, 350 F.2d 728.

Mr. Michael D. Padnos, Washington, D. C., with whom Mr. Lawrence Speiser, Washington, D. C., was on the brief, for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Messrs. David C. Acheson, U. S. Atty. at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty., and John R. Kramer, Asst. U. S. Atty. at the time the brief was filed, were on the brief for the United States as amicus curiae.

Before Mr. Justice REED, Retired,* and DANAHER and LEVENTHAL, Circuit Judges.

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

PER CURIAM.

An information was filed in the Court of General Sessions on October 16, 1964, which charged that this appellant in a public restaurant, on September 6, 1964, had (1) used profane language, indecent and obscene words and (2) engaged in loud and boisterous talking and other disorderly conduct, in violation of D.C. Code § 22–1107 (1961). The case was heard on October 22, 1964, when this appellant appeared with present counsel. The evidence of record disclosed that there is a restaurant at 945 K Street, N. W. in the District of Columbia known as "Crow's Toe." About 2:15 to 2:45 a. m., there were some 75 people present when this appellant read some twelve to fifteen poems, utilizing a public address system.

At the conclusion of the evidence, and after hearing argument of counsel, the court found that appellant "at 2:40 in the morning, blaring over a loud speaker," had used "profane and indecent, obscene words in a loud and boisterous voice" and had engaged "in loud and boisterous talking, and other disorderly conduct."

Appellant was found guilty as charged and was sentenced to pay a fine of $25 or, in lieu thereof, to serve 10 days in jail. Appellant paid the fine.

Appellant's application for the allowance of an appeal to the District of Columbia Court of Appeals sought review only of the finding of the trial court that the poems he had read over the public address system in the restaurant did not enjoy the protection of the First Amendment. Appellant testified, without contradiction, that the policeman told him at the time of arrest, "We are arresting you for using vulgar and obscene language in a public place."

Nevertheless, the case was tried on an information that also charged loud and boisterous talking. The record discloses that appellant's loud and boisterous talking could be heard from the street, amplified as it was by the public address system then in use. The trial court found appellant guilty of using profanity and obscenity, but also found that, as charged in the information, he had engaged in loud and boisterous talking and other disorderly conduct. We conclude that this was an independent basis of appellant's conviction, distinct from his alleged use of profane, indecent and obscene words, and further conclude it was not an abuse of discretion for the District of Columbia Court of Appeals to have denied appellant's application for the allowance of an appeal.[1] In the view we take of the case it becomes unnecessary for us to reach appellant's First Amendment claim.

Affirmed.

---

1. Cf. Wildeblood v. United States, 109 U.S.App.D.C. 163, 167 et seq., 284 F. 2d 592, 597 et seq., petition for rehearing *en banc* denied (1960).