**William C. CAVANAUGH, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 23039.

United States Court of Appeals, District of Columbia Circuit.

Argued March 2, 1971.

Decided March 17, 1971.

Mr. Lawrence H. Schwartz, Washington, D. C., for appellant.

Mr. David P. Sutton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Hubert B. Pair, Acting Corporation Counsel at the time the brief was filed, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee. Mr. Lewis D. Clarke, Asst. Corporation Counsel, also entered an appearance for appellee.

Messrs. Howard Adler, Jr., Bruce P. Saypol and Ralph J. Temple filed a brief on behalf of American Civil Liberties

Union Fund of the National Capital Area as amicus curiae.

Before McGOWAN, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

This matter is before us on an allowance by the court *en banc* of leave to appeal from a denial of review in the District of Columbia Court of Appeals of a conviction for disorderly conduct in the Court of General Sessions, in respect of which appellant was sentenced to pay a fine of $25 or, in default thereof, to serve 5 days in jail. Our grant of leave to appeal was limited to the following issue:

"Was [appellant] entitled to appeal as of right under § 11–741(c) of the D. C. Code to the D.C.C.A.?"

Appellant has raised no issue in this court founded upon an inability of appellant to pay the monetary fine, it being conceded that he was not indigent at the time the fine was imposed.[1] Appellant rather has mounted a broader constitutional challenge to the statute which provides that reviews of criminal judgments of the General Sessions Court "where the penalty imposed is less than $50 shall be by application for the allowance of an appeal, filed in the District of Columbia Court of Appeals."[2] Appellant asserts that equal protection is denied by a statutory scheme which relates a right to appeal to the amount of the fine; and he also urges that the provision made by statute and rule for the consideration of applications to ap-

---

1. On March 2 last the Supreme Court found constitutionally defective, at the instance of an indigent who could not pay the fine, a requirement that he satisfy it by a jail commitment at the rate of $5 per day. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130. The concluding paragraph of the Court's opinion was as follows:

We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case.

2. The statute authorizes the appeal when any one of the judges of the DCCA is of the opinion that the application should be allowed.

peal in this context are inadequate in terms of procedural due process.[3]

Appellee has taken the position that our *en banc* order contemplates only the statutory construction issue of whether a $25 or 5-day sentence constitutes a penalty of more than $50 within the meaning of the statute. It argues that the purpose of Congress to the contrary is plain. It points in this regard to legislative history heretofore submitted to this court in earlier appeals involving this issue; to our decision in Wildeblood v. United States, 109 U.S.App.D.C. 163, 284 F.2d 592 (1960), Judge Edgerton dissenting, and *see* Stone v. District of Columbia, 123 U.S.App.D.C. 291, 359 F. 2d 275 (1966); and to the recent reenactment of the statute without change against this background in the District of Columbia Court Reform and Criminal Procedure Act. Section 11–721(c) of P.L. 91–358 (1970).

Whatever the precise scope of the single question posed in our *en banc* allowance, neither appellant nor *amicus* has chosen to rely in this court upon this issue of statutory construction.[4] Instead, relief here is sought solely on constitutional grounds. Appellant fully concedes that the points now pressed upon us were never raised before Judge Belson in the trial court, nor in the application filed with the DCCA for allowance of an appeal, although appellant was represented throughout by his present counsel. There is, thus, no record in existence which was made by reference to these issues, and there has been no opportunity for the court, over which we have a

discretionary power of review limited by our own rules, to consider matters now asserted to have invalidated its proceedings.

Although we intimate no view that the constitutional claims advanced are in all respects insubstantial, we do not on this record think it consonant with either efficient judicial administration or the comity which should obtain between the United States and the District of Columbia courts, respectively, for us to scrutinize the action of the DCCA complained of, at least in a case where no indigent has faced the prospect of jail through inability to pay a $25 fine.

Affirmed.

---

3. Rule 28 of the DCCA Rules provides that the application "shall contain a sufficient recital of the proceedings and evidence, reasonably to present the ruling or rulings sought to be reviewed. With it there may be filed a brief statement of the points and authorities relied upon." In this case appellant's recital of the facts was not disputed by appellee. His points for allowance of the appeal were directed to the sufficiency of those facts to support the conviction, and to certain alleged errors on the part of the trial court.

4. In a footnote in his brief, appellant notes the fact of the Edgerton dissent in *Wilde-*

*blood* from the traditional construction of the statute, but goes on to say that:

> In any event, appellant submits that the infirmity with 11–741(c) is the constitutional irrelevancy of the preappeal screening process and not the alternative prison sentence, which could have been avoided in this case anyway by the then non-indigent appellant.

*Amicus* makes no reference whatsoever in its brief to the interpretation problem, arguing rather that an appeal as of right in all criminal cases is required by due process.