80 F.3d 539
 317 U.S.App.D.C. 63
 UNITED STATES of America, Appellee
v.
Patrick BAUCUM, Appellant.
 No. 94-3040.
 United States Court of Appeals,
District of Columbia Circuit.
 April 9, 1996.
 
 Thomas G. Corcoran, Jr., appointed by the court, Washington, DC, argued the cause and filed the briefs for appellant.
 Molly A. Meegan, Assistant United States Attorney, argued the cause for appellee, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher and Steven J. McCool, Assistant United States Attorneys, were on the brief. Roy W. McLeese, III, Assistant United States Attorney, entered an appearance.
 Before: WALD, SILBERMAN and ROGERS, Circuit Judges.
 Opinion for the Court filed PER CURIAM.
 
 ON PETITION FOR REHEARING
 PER CURIAM:
 
 1
 In his petition for rehearing, Patrick Baucum for the first time argues that his commerce clause challenge to the constitutionality of the "schoolyard statute"[1] goes to the court's subject matter jurisdiction and therefore cannot be deemed to have been waived by his failure to raise it in the trial court. On direct appeal we rejected his argument that the Supreme Court's supervening decision in United States v. Lopez, --- U.S. ----, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), made it necessary for this court to address the constitutional claim he had failed to preserve at trial.
 
 
 2
 The district court in this case exercised subject matter jurisdiction pursuant to 18 U.S.C. § 3231, which gives the federal courts original jurisdiction "of all offenses against the laws of the United States." Baucum claims, however, that if the statute under which he was convicted and sentenced is unconstitutional, then there is no valid "law of the United States" authorizing his prosecution.
 
 
 3
 Our research surprisingly finds no universally accepted answer to the question his petition poses: Is a facial challenge to the constitutionality of a criminal statute a jurisdictional question which can be raised at any time? There appears to be precedent on both sides of the issue, compare Glasgow v. Moyer, 225 U.S. 420, 429, 32 S.Ct. 753, 756, 56 L.Ed. 1147 (1912) ("The principle [that habeas corpus addresses only the power and authority of the court to act] is not the less applicable because the law which was the foundation of the indictment and trial is asserted to be unconstitutional.... Th[at] question[ ], like others, the court is invested with jurisdiction to try if raised....") and United States v. Ryan, 41 F.3d 361, 363 (8th Cir.1994) ("The interstate commerce aspect of this case arises merely as an element of the section 844(i) offense. If that element is not satisfied, then Ryan is not guilty; but the court is not by the failure of proof on that element deprived of judicial jurisdiction.") with Ex parte Yarbrough, 110 U.S. 651, 654, 4 S.Ct. 152, 153, 28 L.Ed. 274 (1884) ("If the law which defines the offense and prescribes its punishment is void, the court was without jurisdiction and the prisoner must be discharged."). On balance, however, we find that the weight of the precedent, as well as prudential considerations, counsel toward treating facial constitutional challenges to presumptively valid statutes as nonjurisdictional.
 
 
 4
 Subject-matter jurisdiction presents a threshold question in any federal prosecution. Federal courts of limited jurisdiction have only the power to hear those cases over which Congress has conferred subject-matter jurisdiction upon them. In this case, the district court had jurisdiction pursuant to 18 U.S.C. § 3231. At the time of Baucum's indictment (and still today), the federal law he was charged with violating, having never been declared unconstitutional, enjoyed a presumption of validity. When a federal court exercises its power under a presumptively valid federal statute, it acts within its subject-matter jurisdiction pursuant to § 3231. It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid "law of the United States" to enforce), but Baucum's belated assertion of a constitutional defect does not work to divest that court of its original jurisdiction to try him for a violation of the law at issue.
 
 
 5
 The contrary rule, which Baucum advocates, does not seem to us in keeping with Supreme Court precedent. If a challenge to the constitutionality of an underlying criminal statute always implicated subject-matter jurisdiction, then federal courts, having an obligation to address jurisdictional questions sua sponte, would have to assure themselves of a statute's validity as a threshold matter in any case. This requirement would run afoul of established Supreme Court precedent declining to address constitutional questions not put in issue by the parties. See, e.g., Mazer v. Stein, 347 U.S. 201, 206 n. 5, 74 S.Ct. 460, 464 n. 5, 98 L.Ed. 630 (1954) ("We do not reach for constitutional questions not raised by the parties."); see also Andrews v. Louisville & Nashville Railroad Co., 406 U.S. 320, 324-25, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972) ("The constitutional issue discussed in the dissent was not set forth as a 'question presented for review' in the petition for certiorari, and therefore our [rule] precludes our consideration of it."); Ker v. California, 374 U.S. 23, 43, 83 S.Ct. 1623, 1635, 10 L.Ed.2d 726 (1963) (citing Mazer); New York v. Kleinert, 268 U.S. 646, 650-51, 45 S.Ct. 618, 619, 69 L.Ed. 1135 (1925) ("The writ of error in the present case ... does not bring up for our determination the question as to the constitutionality of the substantive provision of [the Act].").
 
 
 6
 Baucum's argument is premised on the theory that if an Act of Congress is unconstitutional, it is void ab initio, and any action taken pursuant to it is thus invalid. The Supreme Court, however, has rejected such a broad-sweeping proposition, in a case holding that a district court decree enjoyed res judicata effect even after the jurisdictional statute under which the court had acted was subsequently declared unconstitutional. Chicot Cty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). In Chicot, the Court wrote:
 
 
 7
 The courts below have proceeded on the theory that the Act of Congress, having been found to be unconstitutional, was not a law; that it was inoperative, conferring no rights and imposing no duties, and hence affording no basis for the challenged decree. It is quite clear, however, that such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration.
 
 
 8
 Id. at 374, 60 S.Ct. at 318 (citations omitted); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) ("Unless and until ... reversed or modified" on appeal, an erroneous constitutional decision is "an effective and conclusive adjudication.").
 
 
 9
 The weight of the caselaw in the courts of appeals also undermines the approach advocated by Baucum. Although a jurisdictional claim can never be waived (through forfeiture or even through purposeful waiver), virtually all circuits in recent years have addressed constitutional challenges to criminal statutes and have either refused to address them because the defendants had neglected to raise them below, or decided to reach them only upon determining that the lower court's failure to address them constituted "plain error."[2]
 
 
 10
 We also find support for our position in Walker v. Birmingham, 388 U.S. 307, 315, 87 S.Ct. 1824, 1829, 18 L.Ed.2d 1210 (1967), in which the Supreme Court affirmed a state court's refusal to consider a challenge to a conviction based on the violation of an injunction of concededly questionable constitutionality. Even though both the injunction and the underlying ordinance were "subject to substantial constitutional question," id. at 317, 87 S.Ct. at 1830, the Court held that "[w]ithout question the state court that issued the injunction had, as a court of equity, jurisdiction over the petitioners and over the subject matter of the controversy. And this is not a case where the injunction was transparently invalid or had only a frivolous pretense to validity." Id. at 315, 87 S.Ct. at 1829 (emphasis added). Similarly, in this case, the district court, as a federal court empowered by Congress to hear questions of federal law, unquestionably had subject-matter jurisdiction over a controversy stemming from a violation of a federal law that was presumptively valid. See United States v. Lopez, 2 F.3d at 1366 n. 50 (5th Cir.1993) (distinguishing the unconstitutional gun law from the constitutional "schoolyard statute").
 
 
 11
 Although we ultimately reject Baucum's argument that his claim is jurisdictional and nonwaivable, we recognize that his approach has some support in the caselaw. Several courts have referred to facial constitutional claims as jurisdictional, see, e.g., United States v. Walker, 59 F.3d 1196, 1198 (11th Cir.1995), and the Supreme Court has decided cases in the guilty plea context which arguably lend support to his view.
 
 
 12
 In Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) and Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), the Court held that the defendants' guilty pleas did not bar their subsequent collateral attacks against their convictions on double jeopardy grounds. In both cases, the Court found that the defendants had not waived their double jeopardy claims, because "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." Menna, 423 U.S. at 62, 96 S.Ct. at 242 (citing Blackledge ).
 
 
 13
 If a knowing and voluntary guilty plea fails to waive some kinds of double jeopardy claims,[3] the argument goes, then it must be because "the power of the government to hale a defendant into court" relates to subject-matter jurisdiction. We think this reading of the Blackledge/ Menna rule goes too far. First, we are not fully convinced that the Blackledge/ Menna exception to the general rule of waiver is about subject-matter jurisdiction, since the Court has since clarified that a double jeopardy claim can, under certain circumstances, be waived voluntarily. Ricketts v. Adamson, 483 U.S. 1, 9-10, 107 S.Ct. 2680, 2685-86, 97 L.Ed.2d 1 (1987) (holding that a defendant's guilty plea waived his double jeopardy claim). But even if "the power to hale a defendant into court" does involve a question of jurisdiction, it does not follow that any facial constitutional challenge is also jurisdictional.
 
 
 14
 The Supreme Court has often reiterated its requirement that a defendant seeking collateral relief from a conviction show cause and prejudice for failing to raise her claim in the first go-around. See, e.g., Wainwright v. Sykes, 433 U.S. 72, 87-91, 97 S.Ct. 2497, 2506-09, 53 L.Ed.2d 594 (1977); Francis v. Henderson, 425 U.S. 536, 542, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976). Although we are unaware of a case specifically applying this rule to a facial constitutional challenge, the Court has stated generally that "any prisoner bringing a constitutional claim to the federal courthouse ... must demonstrate cause and actual prejudice before obtaining relief." Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572-73, 71 L.Ed.2d 783 (1982). In the same case, the Court denied that application of the cause and prejudice standard depended on the type of claim raised by the prisoner: "The costs [of nonfinal adjudications] do not depend upon the type of claim raised by the prisoner. While the nature of a constitutional claim may affect the calculation of cause and actual prejudice, it does not alter the need to make that threshold showing." Id. See also Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) (holding that defendants who have pled guilty may not later seek habeas relief on the basis of constitutional claims antecedent to and independent of the guilty pleas). These cases suggest that a collateral attack to the facial constitutionality of a statute can be waived if the defendant cannot show good cause for having failed to raise it earlier.
 
 
 15
 We were able to find only one relevant case involving a post-conviction facial attack on the constitutionality of a criminal statute. In Ellis v. Dyson, 421 U.S. 426, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975), the petitioners collaterally attacked the constitutionality of a misdemeanor loitering statute under which they had pled nolo contendere. Although the majority did not address the question of waiver (remanding for a determination of whether the petitioners faced a continuing risk of liability under the statute, and thus could demonstrate existence of a case or controversy), Justice Powell opined in dissent that the petitioners' nolo pleas had waived their collateral attack. Distinguishing Blackledge, in which the collateral attack was not waived by a plea, Powell wrote:
 
 
 16
 Nor is this a case like [Blackledge ].... In this case ... petitioners' claim is that the ordinance under which they have been charged is unconstitutional. The alleged constitutional infirmity thus lies not in the "initiation of the proceedings" but in the eventual imposition of punishment that, assertedly, the State cannot constitutionally exact.
 
 
 17
 Id. at 441 n. 7, 95 S.Ct. at 1699 n. 7.
 
 
 18
 There is, moreover, an additional reason why we do not think Baucum's allegation fits within the rule laid out in Blackledge and Menna, even if that rule is deemed "jurisdictional." The statute which he challenges as unconstitutional, 21 U.S.C. § 860(a), does not involve the power of the government "to hale into court"; rather, it simply increases the penalty for certain violations of § 841(a), a drug distribution statute which he does not challenge. Section 860(a) reads:
 
 
 19
 "Any person who violates section 841(a)(1) of this title ... by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, [a school] ... [is] subject to (1) twice the maximum punishment authorized by section 841(b) of this title...."
 
 
 20
 Count 2 of Baucum's indictment charged him with acting "in violation of Title 21, United States Code, Section 841(a)(1), within one thousand feet of [a school]. (In violation of Title 21 United States Code, Section 860(a))." Indictment, U.S. v. Baucum, 92-cr-423 (D.D.C. Feb. 25, 1993) 1-2. Thus, § 841(a)(1), rather than § 860(a), provides the basis for initiating the prosecution. There is precedent establishing that constitutional defects that do not reflect upon the power of the prosecution to initiate proceedings can be waived (and thus do not affect the court's subject-matter jurisdiction). See, e.g., Blackledge, 417 U.S. at 30-31, 94 S.Ct. at 2103-04 ("Although the underlying claims presented in Tollett and the Brady trilogy were of constitutional dimensions, none went to the very power of the State to bring the defendant into court to answer the charge brought against him.... In the case at hand, by contrast, the nature of the underlying constitutional infirmity is markedly different.... The very initiation of the proceedings against [Perry] operated to deny him due process of law."); see also Amadeo v. Zant, 486 U.S. 214, 221, 108 S.Ct. 1771, 1776, 100 L.Ed.2d 249 (1988) (assuming that the cause and prejudice standard applies to a defendant's failure to challenge the constitutionality of "the juries that indicted him, convicted him, and sentenced him to death.") Id. at 216-17, 108 S.Ct. at 1774; see also Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (refusing to apply Batson rule [that prosecutors may not use peremptory challenges on basis of race] retroactively to habeas petitioner's challenge to the constitutionality of his jury).
 
 
 21
 Finally, we note important prudential considerations that militate in favor of our ruling today. There may well be appropriate circumstances when, in the exercise of its discretion, the appellate court may choose to hear constitutional claims not raised at trial. But were we to follow the petitioner's suggestion to treat all facial constitutional challenges as jurisdictional, we would place a burden on trial courts to make threshold constitutional determinations without the benefit of briefing and argument, and invite "wait and see" tactics throughout the entire duration of the criminal proceedings. The Supreme Court has recognized the importance of finality in criminal rulings, calling it "essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." Teague v. Lane, 489 U.S. at 309, 109 S.Ct. at 1074. Perhaps Justice Harlan said it best when he noted that "No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation." Mackey v. United States, 401 U.S. 667, 691, 91 S.Ct. 1171, 1179, 28 L.Ed.2d 388 (1971) (Harlan, J., concurring in judgment in part and dissenting in part).
 
 
 22
 For these reasons, Baucum's petition for rehearing is
 
 
 23
 Denied.
 
 
 
 [1]
 The "schoolyard statute," 21 U.S.C. § 860(a), doubles the maximum penalty for a drug sale which occurs within 1,000 feet of a school
 
 
 [2]
 For a sampling of these cases, see United States v. Becker, 892 F.2d 265, 267 (3d Cir.1989) (double jeopardy is an affirmative defense which is waived if not raised at trial); United States v. $184,505 in Currency, 72 F.3d 1160, 1165 n. 2 (3d Cir.1995) (double jeopardy claim not raised below, so reviewable only for plain error); Virgin Islands v. Smith, 949 F.2d 677, 682 (3d Cir.1991) ("When no objection is made at trial, however, we may affirm a conviction even when a constitutional error does not meet [the harmless error] standard."); United States v. Mebane, 839 F.2d 230, 232 (4th Cir.1988) (vagueness challenge waived); United States v. Layne, 43 F.3d 127, 135 (5th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 1722, 131 L.Ed.2d 580 (1995) (same); United States v. Dupaquier, 74 F.3d 615 (5th Cir.1996) (commerce clause challenge waived because not plain error); United States v. Knowles, 29 F.3d 947, 951 (5th Cir.1994) (reaching commerce clause challenge under the plain error rule); United States v. Snelenberger, 24 F.3d 799, 803 (6th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 433, 130 L.Ed.2d 346 (1994) (overbreadth challenge waived); Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987) (facial equal protection claim waived); United States v. Cole, 41 F.3d 303, 308 (7th Cir.1994), cert. denied, --- U.S. ----, 116 S.Ct. 94, 133 L.Ed.2d 49 (1995) (vagueness claim reviewed for plain error); United States v. Cherry, 938 F.2d 748, 753 (7th Cir.1991) (same); United States v. Walton, 36 F.3d 32, 34 (7th Cir.1994) (same); United States v. DePuew, 889 F.2d 791, 794 (8th Cir.1989) (origination clause challenge waived); United States v. Ferguson, 776 F.2d 217, 223 (8th Cir.1985), cert. denied, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986) (vagueness challenge reviewed for plain error); United States v. Shephard, 4 F.3d 647, 650 (8th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1322, 127 L.Ed.2d 671 (1994) (holding that FED.R.CRIM.P. 12(b)(2) requires defendant to raise double jeopardy claim below); United States v. Martin, 933 F.2d 609, 611 (8th Cir.1991) (double jeopardy claim waived); United States v. Cupa-Guillen, 34 F.3d 860, 863 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 921, 130 L.Ed.2d 801 (1995) (facial equal protection challenge waived); United States v. Easter, 981 F.2d 1549, 1557 (10th Cir.1992), cert. denied, 508 U.S. 953, 113 S.Ct. 2448, 124 L.Ed.2d 665 (1993) (vagueness challenge reviewed for plain error); Cavanaugh v. District of Columbia, 441 F.2d 1039, 1041 (D.C.Cir.1971) (facial equal protection claim waived); but see United States v. Walker, 59 F.3d 1196, 1198 (11th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 547, 133 L.Ed.2d 450 (1995) (reviewing commerce clause challenge for plain error, but also noting jurisdictional possibility: "We can think of no plainer error than to allow a conviction to stand under a statute which Congress was without power to enact. In essence, the statute was void ab initio, and consequently, the district court below lacked subject matter jurisdiction with respect to that charge.")
 
 
 [3]
 The Blackledge/ Menna rule does not apply to all double jeopardy claims; in United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Supreme Court held that a guilty plea barred a later double jeopardy claim where the violation was not clear on the face of the indictment. Id. at 574-76, 109 S.Ct. at 764-66 (distinguishing Blackledge and Menna )