84 F.3d 1452
 318 U.S.App.D.C. 78
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Johnny J. MORENO, Appellant.
 No. 94-3085.
 United States Court of Appeals, District of Columbia Circuit.
 April 22, 1996.
 
 Before BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition does not warrant an opinion. See D.C.Cir.R. 36(b). For the reasons explicated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the conviction from which this appeal has been taken be affirmed in part and reversed in part.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Johnny J. Moreno appeals his conviction of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); of unlawful possession of a firearm with an obliterated, removed, changed, or altered serial number, in violation of 18 U.S.C. § 922(k); and of carrying a pistol without a license, in violation of D.C.Code § 23-3204(a).
 
 
 5
 Moreno first argues that his conviction under 18 U.S.C. § 922(g)(1) (the "felon-in-possession" statute) is invalid on the ground that Congress lacked the constitutional authority to enact that statute. While acknowledging that he failed to raise a constitutional challenge to § 922(g) before the district court, Moreno contends that we are nonetheless bound to consider his claim under this circuit's "supervening decision doctrine" in light of the Supreme Court's recent decision in United States v. Lopez, 115 S.Ct. 1624 (1995) (holding the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q), to be unconstitutional); in the alternative, he argues that his challenge goes to the subject matter jurisdiction of the court and, thus, can be raised for the first time on appeal.
 
 
 6
 Moreno's argument that his constitutional challenge goes to the "subject matter jurisdiction" of the court is foreclosed by this court's recent decision in United States v. Baucum, No. 94-3040, 1996 WL 160956 (D.C.Cir. Apr. 9, 1996) (denial of rehearing). We also find that Lopez does not constitute a supervening decision with respect to section 922(g). At the time of Moreno's conviction, we had not ruled on the constitutionality of section 922(g), nor do we here; and the law prior to Lopez was not so settled that a challenge to the statute "would have appeared pointless." See United States v. Washington, 12 F.3d 1128, 1139 (D.C.Cir.1994). We are thus left with plain error review, Fed.R.Crim.P. 52(b); and we find none here. It was not "plain or obvious" at the time of Moreno's conviction that section 922(g) exceeded Congress's power under the Commerce Clause. See Washington, 12 F.3d at 1138 (plain error standard requires us to determine whether any error was plain under the law at the time of trial).
 
 
 7
 Moreno also asserts that his conviction under 18 U.S.C. § 922(k) must be reversed because the district court failed to instruct the jury that the Government must prove that Moreno had knowledge that the serial number of the gun he possessed was removed, which it must. See United States v. Fennel, 53 F.3d 1296, 1300-01 (D.C.Cir.1995). The Government does not oppose the reversal of Moreno's conviction under section 922(k), and it has represented that it will not retry Moreno on this count. Accordingly, we reverse Moreno's conviction under section 922(k).
 
 
 8
 Moreno next argues that his convictions should be reversed because the district court failed to take adequate precautions to protect him from being prejudiced by the joint trial of a felon-in-possession charge with other firearms charges. Specifically, he asserts that he was unduly prejudiced by the "repeated references" to his prior conviction and the "failure" of the district court to give a sua sponte cautionary instruction as to the limited use of the prior conviction. We disagree. Moreno could have requested that his felon-in-possession count be severed from the other charges, see Fed.R.Crim.P. 14, but declined to do so. See also United States v. Dockery, 955 F.2d 50, 53 (D.C.Cir.1992) (no per se rule that felon-in-possession counts be severed from other counts). Moreover, the district court and the prosecution took special pains to avoid prejudicing Moreno with the prior conviction. Neither the court nor the prosecutor disclosed the nature of the underlying crime to the jury, evidence of the former conviction was introduced by stipulation, it was agreed that the word "felony" would not be used in describing the former conviction, and those references that were made to the prior conviction were largely unavoidable. As to the failure of the district court to give a sua sponte cautionary instruction, we observed in United States v. Rhodes that "there are occasions when, for tactical reasons, defense counsel may wish to forego ... a limiting instruction because it might focus the jury's attention on the damaging evidence" and that "we cannot impose on district courts the obligation to give such an instruction sua sponte." 62 F.3d 1449, 1453-54 (D.C.Cir.1995), petition for cert. filed (U.S. Jan. 30, 1996) (No. 95-7711).
 
 
 9
 Finally, Moreno argues that his convictions should be reversed because of the prosecutor's allegedly improper cross-examination and impeachment of a defense witness, Ms. Veronica May, together with the failure of the court to give an immediate cautionary instruction. Because Moreno did not object to either the impeachment or the lack of a cautionary instruction, we review only for plain error. Without deciding whether it was error, under Fed.R.Evid. 609(a)(2), for the district court to allow the impeachment of Ms. May with a prior misdemeanor conviction for possession of stolen property, we find that any such error did not prejudice Moreno. The risk of prejudice is substantially less when it is a defense witness, not the defendant himself who is impeached, because a jury will not infer the defendant's guilt from another's criminal record, see United States v. Lipscomb, 702 F.2d 1049, 1063 (D.C.Cir.1983); furthermore, in light of the solid evidence submitted by the Government, we find it unlikely that the impeachment of Ms. May had any effect on the jury's decision. Cf. United States v. Monaghan, 741 F.2d 1434, 1443 (D.C.Cir.1984) (although prosecutor's remarks were improper, they resulted in minimal prejudice, and it was unlikely that a new trial would result in a different verdict). Here there was no error that "seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceeding[ ]." United States v. Olano, 507 U.S. 725, 736 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). And again, for the reasons given in Rhodes, the district court did not err when it failed to give a limiting instruction sua sponte following the impeachment of Ms. May.
 
 
 10
 For the foregoing reasons, Moreno's convictions under 18 U.S.C. § 922(g)(1) and D.C.Code § 23-3204(a) are affirmed; and his conviction under 18 U.S.C. § 922(k) is reversed.