

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1790-13 through PD-1793-13

### FREDRICHEE DOUGLAS SMITH, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S AND STATE'S
### PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**KELLER, P.J., filed a concurring and dissenting opinion.**

I disagree with Judge Yeary's contention that granting relief on an unpreserved claim of the sort before us amounts to resurrecting the now-defunct "right not recognized" exception to the contemporaneous objection rule. The right at issue here is not the same as the right at issue in *Karenev v. State.*[1] The right at issue in *Karenev* was the right not to be convicted under a facially unconstitutional law that had not yet been declared unconstitutional.[2] The right at issue in the

---

[1] 281 S.W.3d 428 (Tex. Crim. App. 2009).

[2] *See id.* at 434 ("A facial challenge to the constitutionality of a statute falls within the third category. Statutes are presumed to be constitutional until it is determined otherwise."). *See also id.*

present case is the right not to be convicted under a facially unconstitutional law that has been declared unconstitutional. This latter right is nonforfeitable, regardless of when the law was declared unconstitutional. For example, suppose a prosecutor were ignorant of the fact that a particular law had been declared unconstitutional on its face and proceeded to prosecute someone under that law. Suppose defense counsel were also ignorant of the matter and failed to object at trial. That failure to object would not forfeit the claim that the law had been declared facially unconstitutional.

Of course, it is unlikely that the prosecutor and the defense attorney in a criminal trial would both be ignorant of the fact that the law on which the prosecution is based has been declared facially unconstitutional. And if they were, the defendant would almost certainly have a slam-dunk claim of ineffective assistance of counsel—unless, of course, the defendant had no attorney because he represented himself at trial.[3] But it matters not that prosecutions after a law is declared unconstitutional are unlikely or that a defendant prosecuted under a law after it was declared unconstitutional would ever need this type of claim to be nonforfeitable in order to obtain relief. The point is that the claim is nonforfeitable regardless of when it arises in relation to the defendant's prosecution.

However, I agree with Judge Yeary, for the reasons given in his opinion, that a petition for discretionary review is not the appropriate avenue to address the type of claim before us when the court of appeals did not address it. And I also agree that appellant has an avenue in which to obtain

---

at 431 (quoting *United States v. Baucum*, 80 F.3d 539, 540 (D.C. Cir. 1996): "[o]n balance . . . the weight of the precedent, as well as prudential considerations, counsel toward treating facial constitutional challenges to presumptively valid statutes as nonjurisdictional").

[3] *See Faretta v. California*, 422 U.S. 806 (1975).

relief on this claim—habeas corpus.[4]

I also note that the legislature passed a statute this year that requires the appointment of counsel to file a habeas application in a non-capital case when the State represents to the convicting court that an indigent defendant was convicted or sentenced under a statute that was found unconstitutional by this Court or the United States Supreme Court.[5] This statute is already in effect and applies retroactively.[6] Appellant's remedy is by an application for a writ of habeas corpus.

I respectfully dissent to the Court's disposition of both the State's and appellant's petitions for discretionary review in our cause number PD-1793-13. I concur in the Court's disposition of the State's other petitions for discretionary review.

Filed: June 24, 2015
Publish

---

[4] If the Court is correct that the claim at issue is an absolute prohibition or requirement (*Marin* category 1), *see Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), then I would agree with Judge Yeary that appellant could raise this claim on habeas corpus. Even if the claim is determined to be a waivable-only claim (*Marin* category 2), *see id.* at 278, he may still be able to raise it on habeas corpus on the ground that it was not reasonably available to him on direct appeal since *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), was handed down after appellant's appellate brief was filed. *See Ex parte Jimenez*, 364 S.W.3d 866, 880 (Tex. Crim. App. 2012) ("Ordinarily a convicted person may not raise an issue in a habeas proceeding if the applicant could have raised that issue on direct appeal."). And even if the claim is waivable-only and he cannot raise the claim on habeas because counsel should have raised it in some fashion before the court of appeals, then he has a slam-dunk claim of ineffective assistance of counsel. We need not decide at this juncture into which *Marin* category appellant's clam falls.

[5] *See* Acts 2015, 84ᵗʰ Leg., S.B. 662 (enacting Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 11.074).

[6] *See id.* §§ 2, 3. *See also* History tab S.B. 662: "Last Action: 06/16/2015 E Effective immediately." http://www.capitol.state.tx.us/BillLookup/History.aspx?LegSess=84R&Bill=SB662